# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

UNITED STATES,  Honorable Judge Sara Lioi
Plaintiff          No. 1:19-cr-00132-SL

-v-

HARGIS HALL,
Defendant

## EMERGENCY MOTION FOR MODIFICATION OF SENTENCE UNDER SECTION 603 OF THE FIRST STEP ACT OF 2018 AND REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE C.J.A.

Movant, Hargis Hall, appearing in pro se, humbly moves the Court for an order granting him a reduction in sentence pursuant to 18 U.S.C. 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Mr. Hall also requests that the Court appoint him counsel under 18 U.S.C. 3006A (Criminal Justice Act) to represent him on this matter for the reasons articulated henceforth.

-1-

## FACTS

Hargis Hall plead guilty to one count of violation of 21 U.S.C. Section 841(A)(1) and (B)(1)(c) (Distribution of Methamphetamine); and one count of 21 U.S.C. section 841(A)(1) and (B)(1)(A) (Distribution of Methamphetamine). The Court imposed a sentence of 46 months imprisonment and four years of supervised release. This judgment was entered on 12-23-2019 by Honorable Judge Sara Lioi.

Since Mr. Hall's imprisonment for the above charges, the COVID-19 pandemic swept the nation killing over 160,000 Americans and plunging the economy into another recession. Hall was the primary caregiver for both of his sick and aging parents (Declaration at 3). Due to the pandemic and his parent's lack of his assistance, his parents are undergoing a severe hardship and inability to care for themselves.

Mr. Hall recently discovered that his mother's health has further declined (Dec. at 5). She can no longer assist her husband who is dying due to end stage kidney disease (Dec. at 4-5).

Due to the poor health of his parents, coupled by the ongoing pandemic which is rampant in Ohio,

Mr. Hall requested that the B.O.P. consider submitting a motion to the Court on his behalf for compassionate release (Dec. at 1-2). To date, the Director of the Bureau of Prisons has not submitted any compassionate release motion on behalf of Hall. Since 30 days have elapsed since Hall requested compassionate release to his warden, he now moves the Court for the same under Section 603 of the First Step Act of 2018 ("FSA").

## ARGUMENT

This Court has authority to resentence Mr. Hall under Section 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if the Court finds that such reasons exist. To determine whether there are "extraordinary and compelling reasons" in accordance with subsection (i), the Court should turn to the United States Sentencing Guidelines. See United States v. Perez-Asencio, No. 18CR3611-H, 2019 U.S. Dist. LEXIS 24430, 2019 WL 626175 at *3 (S.D. Cal. Feb. 14, 2019).

U.S.S.G. Section 1B1.13, app. note 1(C) provides that compassionate release may be warranted

for "family circumstances" that may be extraordinary and compelling. U.S.S.G. section 1B1.13, app. note 1 (D) allows compassionate release if "[t]here exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

Applied to the instant case, and in light of the coronavirus pandemic ravaging the community where Mr. Hall's elderly and ailing parents reside, Hall's circumstances as described above are both extraordinary and compelling under U.S.S.G. Section 1B1.13, app. note 1(C) and app. note 1 (D).

The First Step Act amended 18 U.S.C. 3582. In Section 603 of the FSA, congress amended Section 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on a defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Mr. Hall made his request

for compassionate release to his warden on 5/31/20 (Doc. at 1-2) and, as 30 days have passed, the matter is now properly before the Court under 18 U.S.C. Section 3582(c)(1)(A)(i).

Mr. Hall is scheduled for release from prison on 12-14-2022 (Doc. at 8-9). He has been a model inmate during the period of his incarceration and has not incurred any disciplinary incidents (Doc. at 9, Exhibit C). Hall accepted responsibility for his actions when charged. He did not waste the Court's or the government's time in the proceedings. Hall presents no danger to the community or himself nor is he a violent offender.

As such, Mr. Hall humbly prays that the Court modify his sentence to time served, converting the remainder of his sentence to home confinement or supervised release. In addition, Mr. Hall asks that the Court appoint him counsel to represent him in this matter, obtain relevant medical records for the Court, and file a supplemental brief.

Respectfully submitted,

HARGIS HALL

-5-

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of August 2020.

X *Hargis D. Hall*
Hargis Hall
Prisoner no. 66499060
FCI Cumberland
P.O. Box 1000
Cumberland, Md. 21501
(301) 784-1000

# DECLARATION OF HARGIS HALL

Hargis Hall states:

1. I submitted a request for compassionate release to the warden of FCI Cumberland on 5/31/2020.

2. Exhibit A is a copy of the written request that I submitted to Warden Bell, the warden of FCI Cumberland where I am an inmate.

3. I was the primary caregiver to both my mother and my father until I was taken into custody.

4. My father is now in the end stages of Kidney disease and his doctors expect that he may soon pass away.

5. Since my incarceration, my mother's health has further deteriorated. Her colon "has exploded" (her words) and she cannot take care of my father due to her various health issues.

6. With COVID-19 in our community, I am concerned that my parents will contract the disease without

my being able to assist them with their daily tasks that bring them in contact with members of the community.

7. The B.O.P. will not release me to home confinement under the CARES Act nor is there any other way for me to care for my parents during their time of need and the coronavirus pandemic.

8. Exhibit B is my sentence monitoring computation data from the B.O.P. evidencing my prison release date of 12-14-2022.

9. Exhibit C is my prison Progress Report / Reentry Plan. As shown in this exhibit, I have had no disciplinary incidents. Although the exhibit shows an "unknown disposition" related to March 10, 1992, my PSR in the instant case evidences the disposition of that matter.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. 1746.

Dated: 8/17/2020                    X *Hargis A. Hall*
                                        HARGIS HALL