UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

UNITED STATES,
Plaintiff

-v-

HARGIS HALL,
Defendant

Judge Sara Lioi
No. 1:19-cr-00132-SL

FILED
SEP 2 - 2020
Clerk of Court, United States District Court
Ohio Northern District - AKRON

DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. 3582(c)(1)(A)(i) and REQUEST FOR APPOINTED COUNSEL

Defendant, Hargis Hall, appearing in pro se, hereby submits additional reasons for the Court to consider in determining if "extraordinary and compelling reasons" exist to grant him a reduction in sentence under 18 U.S.C. section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018.

Mr. Hall submitted an initial compassionate release motion in August 2020 which is on the Court's docket pending review. The government has not been ordered to respond as of yet.

-1-

In Movant's motion, he asks for a reduction in sentence to care for his elderly parents both of which have serious medical complications which render them unable to adequately provide self-care. Mr. Hall was the primary caregiver for his parents before his arrest. (Dec. at 1)

In addition to caring for his ailing parents, Mr. Hall has various underlying medical conditions which, according to the Centers for Disease Control ("CDC"), place him "at high-risk for severe illness from COVID-19," including obesity and being a long time former smoker. See CDC, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Mr. Hall is a former smoker and is severely obese (Dec. at 4, 5, and 6).

Recognizing the unique risks that correctional facilities pose to inmates and employees, members of Congress asked the BOP on March 19, 2020, to allow for the immediate release of "non-violent inmates" evidencing vulnerability to COVID-19. See Letter of Representatives Jerrold Nadler and Karen Bass (March 19, 2020) ("DOJ and BOP must do all they can

to release as many people as possible who are currently behind bars and at risk of getting sick. Pursuant to 18 U.S.C. 3582(c)(1)(A), the Director of the Bureau of Prisons may move the court to reduce an inmate's term of imprisonment for "extraordinary and compelling reasons."). The next week, Attorney General Barr urged the BOP to prioritize home confinement for such vulnerable individuals. See https://www.themarshallproject.org/documents/6820452-Memorandum-from-Attorney-General-to-BOP-re-Home.

    On April 3, 2020, pursuant to his authority under the CARES Act, Attorney General Barr directed the BOP to expand the use of home confinement upon finding that "emergency conditions are materially affecting the functioning of the Bureau of Prisons." See https://www.justice.gov/file/1266661/download.

    18 U.S.C. section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, authorizes courts to grant relief whenever "extraordinary and compelling reasons" warrant a reduction. "Under the amended statute, a court may conduct such a review also 'upon motion of the defendant,' if the defendant has exhausted all administrative

remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed 'from the receipt of such a request by the warden of the defendant's facility,' whichever is earlier." United States v. Decator, No. CCB-95-0202, 2020 WL 1676219 (D. Md. Apr. 6, 2020) (quoting 18 U.S.C. 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, Section 603(b), Dec. 21, 2018, 132 Stat. 5239).

In the months since the First Step Act took effect, district judges across the nation have significantly expanded the scope of compassionate release, finding "extraordinary and compelling reasons" in circumstances wholly apart from, or in combination with, the limited factors on which the BOP historically relied (age, medical condition, family needs):

- USA v. Walker, No. 1:11-CR-270, 2019 WL 5268752, at *2 (N.D. Ohio Oct. 17, 2019) ("However, under subsection (D) of the note, the Court may also consider other 'extraordinary and compelling reasons' not specifically articulated.");

- USA v. Urkevich, No. 8:03CR37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14,

2019)("This Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence.");

- United States v. Perez, No. 88-10094-JTM, 2020 WL 1180719, at *2 (D. Kansas Mar. 11, 2020)("Since the passage of the First Step Act, however, a majority of federal district courts have found that the most natural reading of the amended section 3582(c) and section 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.... The United States agrees that this is the majority view.").

In the instant case, Mr. Hall presents both family circumstances and vulnerability to COVID-19. Vulnerability to COVID-19 as an incarcerated individual by itself constitutes an "extraordinary and compelling reason" for release under U.S.S.G. section 1B1.13 app. n. 1(D). See e.g. United States v. Mel, 2020 WL 2041674, at *2

("[a]s applied to Mel, the COVID-19 pandemic presents 'extraordinary and compelling reasons that warrant the modest sentencing reduction requested.'"); United States v. Amarrah, No. 17-20464, 2020 WL 2220008 (E.D. Mich. May 7, 2020) (shortening 60-month sentence after only 21 months because defendants vulnerability to coronavirus put him at "a substantial risk" even though facility had no reported cases); United States v. Pabon, No. 17-165-1, 2020 WL 2112265, at *1 (D Mass. May 4, 2020) (holding that for the 54-year-old defendant with vulnerability to COVID-19 due to underlying health problems "nothing could be more extraordinary and compelling than this pandemic."

In addition to COVID-19 cases inside the prison already (Dec. at 8), the prison where Mr. Hall is incarcerated is 77% overcrowded (Dec. at 10) and he is unable to follow the CDC's recommended safe practices meant to stem the spread of the coronavirus (Dec. at 9).

In sentencing Mr. Hall, the Court made various recommendations to the B.O.P. which included "mental health counseling," " 500 hour

intensive drug treatment," and that he "participate in any trades programs offered at the designated facility." (Dec. at 7) These recommendations were likely part of the Courts goals in the imposition of its sentence under 18 U.S.C. section 3553(a)(2)(D) which include: "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

    Unfortunately, due to the pandemic and its affect on the BOP, Mr. Hall is unable to receive any educational treatment or intensive drug treatment at all. (Dec. at 7 and 11) In addition, Mr. Hall is not receiving any mental health counseling. (Dec. at 7) FCI Cumberland is ill equipped to provide mental health treatment and doesn't even have a licensed psychiatrist available or on staff at all.

    Given the above set of facts, Mr. Hall's sentence is not currently being carried out in the way the Court (or Congress) intended by imposing it. This is also another reason the Court should modify Mr. Halls sentence.

As indicated in Mr. Hall's initial motion for compassionate release, he is indigent and lacks legal training. Given the emergency nature of his pleadings, he humbly requests that the Court appoint him counsel to file a supplemental brief on the issues and provide the Court with any necessary supporting documents which are difficult for Hall to submit given his ongoing incarceration and its limitations during the prison "lockdown."

Mr. Hall prays that the Court will consider his pleadings, declarations in support, and the urgent emergency circumstances in granting him a reduced sentence.

Respectfully submitted,

X *Hargis Hall*
HARGIS HALL
Prisoner no. 66499-060
FCI Cumberland
P.O. Box 1000
Cumberland, Md. 21501-1000
(301) 784-1000

- 8 -

## Declaration of Hargis Hall

Hargis Hall states:

1. Before my imprisonment, I was the primary caregiver for my parents, Edna Hall and Hargis Hall.

2. My father, Hargis Hall, is dying due to his advanced kidney disease.

3. One of the reasons that I'm petitioning the Court for a modification of my sentence is for me to be able to give my father one of my kidneys so that he can live.

4. I am obese and have a body mass index of over 30.

5. I've smoked cigarettes for over 30 years prior to my incarceration.

6. I've smoked methamphetamine for many years and it was this issue that lead to my current federal conviction. I signed up for drug treatment through the prison's Residential Drug and Alcohol Program, however, due to

the ongoing pandemic the prison does not offer any drug treatment programs at all. Additionally, the prison is on lockdown and has been since March 30, 2020.

7. The Court in imposing my sentence of 46 months recommended to the Bureau of Prisons that I receive "mental health counseling," "500 hour intensive drug treatment," and that I "participate in any trades programs ... offered at the designated facility." Due to the pandemic, the prison does not offer any of the above programs and for reasons unknown "mental health counseling" has never been offered to me since the beginning of my incarceration.

8. FCI Cumberland, where I am incarcerated, has recently had an outbreak of COVID-19 amongst both inmates and staff.

9. I am unable to social distance, stay away from sick persons, avoid crowds, and keep surfaces disinfected due to my incarceration.

10. The prison I am housed at was meant for 672 inmates based upon its "rated capacity" (see FCI Cumberland Medium Inspection Report, Dec. 5, 2014), however the prison now holds 1,192 inmates according to the BOP website at www.bop.gov.

11. I signed up for the 500 hour drug program right after I arrived at the prison, however, I have not been given any access to the drug program (called R.D.A.P.) and I'm told they will not be able to have this program due to the pandemic and the fact that there are confirmed cases of COVID-19 here at the prison.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of August 2020.

x *Hargis Hall*
HARGIS HALL

HARGIS HALL #66444-060
Federal Correctional Institution
P.O. Box 1000
Cumberland, Md. 21501-1000



U.S. COURTHOUSE
801 WEST SUPERIOR AVE.
CLEVELAND, OH 44113