IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-CR-132 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| HARGIS HALL, | ) | UNOPPOSED MOTION TO EXTEND |
| | ) | TIME TO RESPOND TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |

The United States of America, by and through the undersigned counsel, respectfully moves the Court to continue the deadline for the government's response to Defendant's Motion to Reduce Sentence Under 18 U.S.C. 3582(c)(1)(A)(i).

Defendant has filed a motion and a supplement to his motion through counsel. As scientists continue to learn more about the novel coronavirus and COVID-19, the CDC has regularly updated guidance on which conditions place adults of any age "at increased risk of severe illness from the virus that causes COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Shortly before Defendant's supplement (R. 42), the CDC revised its guidance to include "[b]eing a current or former cigarette smoker" as one such condition. Defendant's most recent filing notes, among other things, that Defendant was a heavy smoker in the past. (*Id.*) Accordingly, it appears that Defendant may have a condition that, in the context of the COVID-19 pandemic (as well as Defendant's age and other health conditions), qualifies as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i).

However, Defendant had not previously presented these particular reasons to the BOP before filing his supplement. It is the government's position that Defendant would be required first to present to the warden the condition on which his motion relies. Undersigned counsel has discussed this issue with defense counsel, and while not necessarily agreeing on the scope of the exhaustion requirement, defense counsel has agreed that it is prudent in these circumstances to first present these grounds to the warden and then supplement Defendant's motion after 30 days have elapsed, and the exhaustion requirement is met pursuant to *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). This procedure would avoid potentially unnecessary disputes about the scope of the exhaustion requirement, and a potential second motion, and thus conserve judicial resources.

Accordingly, the government moves the Court to continue the deadline for its response until after Defendant supplements the pending motion with additional evidence of his exhaustion of administrative remedies, or notifies the Court of his intention not to do so.

Undersigned counsel has conferred with defense counsel, who has indicated that Defendant does not oppose this motion.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Elliot Morrison
    Elliot Morrison (OH: 0091740)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3919
    Elliot.Morrison@usdoj.gov